*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-419

SEPTEMBER TERM, 2013

| | |
|---|---|
| Edward Johnson | } APPEALED FROM: |
| | } |
| | } Superior Court, Orleans Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Andrew Pallito, Commissioner of | } DOCKET NO. 181-7-12 Oscv |
| Department of Corrections, | |
| Dr. Abigail Hager and Dr. Westinghouse | |

Trial Judge: Howard E. Van
Benthuysen

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate committed to the custody of the Commissioner of Corrections, appeals pro se from a superior court order dismissing his complaint for injunctive relief. We affirm.

In July 2012, plaintiff filed a pro se complaint for injunctive relief in the superior court, civil division. The seven-page handwritten complaint appeared largely to allege inadequate medical care and inadequate attention to his medical needs by nurses and correctional officers in the correctional facility where he was incarcerated. In late September 2012, plaintiff filed a pro se motion to amend complaint, appearing to allege that a nurse had improperly discussed his medical condition with a correctional officer. On October 1, 2012, the court held a status conference and, following the conference, issued an order in which it directed plaintiff "to file a simple, concise statement of his claim (who, what, when, where, why, how his rights were violated and what he wants for relief)" by November 1, 2012. On October 24, 2012, the court reviewed the motion to amend and concluded that it "still failed to set forth how [plaintiff's] rights have been violated or what relief he is seeking, despite the court's order of 10-1-12." Accordingly, the court dismissed the complaint without prejudice. This appeal followed.

The record is unclear why the trial court here dismissed on the basis of an inadequate amended complaint filed before the court's order directing plaintiff to file a more particularized statement, nor why the dismissal occurred shortly before the stated November 1, 2012 filing deadline. Nevertheless, the record is clear that plaintiff filed nothing in response to the court's order directing him to file a more definite statement that would suffice to state a claim upon which relief could be granted. We cannot tell from plaintiff's complaint what laws plaintiff believes have been broken, what specific actions by the defendant broke those laws, and what court order would remedy the problem. For that reason, we agree with the court's conclusion that, absent further clarification, the allegations in the complaint and amended complaint are not sufficiently clear to allow a reasonably responsive pleading. We note, as well, that the dismissal

was without prejudice, meaning plaintiff can file a new complaint with a more clear statement of his specific legal claims and the specific relief requested. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice